Samuel A. Diddle, ISB #4967
EBERLE, BERLIN, KADING, TURNBOW
   & MCKLVEEN, CHTD.
1111 W. Jefferson St., Suite 530
P.O. Box 1368
Boise, ID  83701-1368
Telephone:  (208) 344-8535
Facsimile:  (208) 344-8542

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| BROOKS LECATES,<br><br>                    Plaintiff,<br><br>vs.<br><br>BLUE CROSS OF IDAHO, a corporation licensed to do business in the state of Idaho,<br><br>                    Defendant. | Case No. 3:15-cv-00072-CWD<br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

COMES NOW Defendant Blue Cross of Idaho ("BCI") and submits this Reply Memorandum in Support of its Motion for Summary Judgment.  BCI submits that Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment (Docket No. 16) fails to provide any viable arguments why Plaintiff's Complaint should not be dismissed.

**I.     PLAINTIFF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES AND IS NOT EXCUSED FROM PURSUING THOSE REMEDIES.**

**A.     Plaintiff Did Not Exhaust His Administrative Remedies.**

One of the primary goals of ERISA is to provide a method for workers and beneficiaries "to resolve disputes over benefits inexpensively and expeditiously." *Semien v. Life Insurance Co. of North America,* 436 F.3d 805, 815 (7th Cir. 2006).  Accordingly, a court's review of a

benefits decision is limited to the administrative record and all courts require a plaintiff to exhaust available administrative remedies before bringing a lawsuit. *Dishman v. UNUM Life Insurance Co. of America*, 269 F.3d 974, 984 (9th Cir. 2001); *Diaz v. United Agricultural Employees Plan & Trust,* 50 F.3d 1478, 1483 (1985); *Hixon v. Hewitt Associates,* 2013 WL2338111 (D.Id. May 28, 2013).

The administrative record is clear: BCI denied claims for services rendered by St. Joseph Regional Medical Center via Explanation of Benefits Statements sent to Plaintiff as well as by letter of April 16, 2014 sent to Plaintiff. (A.R. 172.) The Explanation of Benefits explains the appeal procedure under the Plan. On July 17, 2014, Plaintiff's attorneys, Clark & Feeney, LLP, pursued the first level of appeal on behalf of Plaintiff: "Please accept this letter as Brooks Lecates' formal appeal to Blue Cross of Idaho regarding its decision to deny coverage for in-patient medical services provided by St. Joseph Regional Medical Center." (A.R. 14.) BCI responded on September 2, 2014, upholding its denial and explaining both in that letter and in the additional Explanation of Benefits the procedure for appealing if Plaintiff still disagreed with the determination.

Plaintiff did not undertake this second level of appeal. He did not exhaust his administrative remedies. He filed this lawsuit in violation of the exhaustion requirements.

Plaintiff's Memorandum suggests without any support at all that "Plaintiff exhausted two levels of administrative appeals prior to commencing a lawsuit." (Docket No. 16 at 4.) This is not correct and finds no support in the record.[1]

Recognizing that Plaintiff did not exhaust his administrative remedy, Plaintiff's Memorandum then mentions an argument that this failure is excused because of futility. This

---

[1] For some reason, Plaintiff's Memorandum cites *Vaught v. Scottsdale Health Care Corp. Health Plan,* 546 F.3d 620, 630-31 (9th Cir. 2008). Issue exhaustion is not the same as remedy exhaustion. BCI's position is that Plaintiff failed to exhaust his remedies, not that his appeal failed to list specific issues to be considered.

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – PAGE 2**　　　　　　　　　　　　　　　　　　　　　6065-67 / 00575703.000

assertion is not supported by argument, fact or case law.  Plaintiff has not complied with ERISA case law setting out the obligation of a plaintiff attempting to escape the exhaustion requirement by asserting futility.  The case law requires a plaintiff to show that it is certain that his claim would be denied, not merely that he doubts that an appeal would result in a different decision.  Bare allegations of futility are insufficient to meet this burden and a plaintiff cannot satisfy the burden by relying solely on conjecture.  *Potter v. ICI Americas, Inc.*, 103 F.Supp.2d 1062 (S.D. Ind. 1999).  Specifically, the Ninth Circuit has held that bare assertions of futility are insufficient to bring a claim within the futility exception, which is designed to avoid the need to pursue an administrative remedy only if it is demonstrably doomed to fail.  *Diaz,* 50 F.3d at 1487.  Plaintiff's argument about "futility" is completely undercut by the fact that it is asking the Court to consider new evidence that he should have provided to BCI in his appeal.

Accordingly, Plaintiff's unexcused failure to exhaust his administrative remedies is determinative and his claim should be dismissed on this basis alone.

## II.     BCI'S DETERMINATION WAS CORRECT.

### A.     ERISA Standard of Review.

Plaintiff concedes that the Policy gives "Defendant discretionary authority to determine eligibility for benefits and to construe the terms of the policy."  (Docket No. 16 at 7.)  Accordingly, the standard of review would be the abuse of discretion standard unless the Plaintiff shows a conflict of interest affecting the decision. *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101 (1989).  The Ninth Circuit has stated that the abuse of discretion review should be "informed by the nature, extent, and effect on the decision-making process of any conflict of interest that may appear in the record." *Abatie v. Alta Health and Life Insurance Co.,* 458 F.3d 955, 967 (9th Cir. 2006).

Plaintiff makes an argument about a potential conflict of interest, but that argument fails on many levels. The first level is that Plaintiff appears to assert that BCI "functions as both administrator and insurer under the Plan." To the contrary, BCI is the Contract Administrator solely and under the Plan does not assume any financial risk or obligation with respect to claims or payment of benefits. (A.R. 127.) The Definitions section in the Plan defines BCI as Contract Administrator. It specifically states: "the Contract Administrator is not an insurer of health benefits under this Plan." (A.R. 108.) Gritman Medical Center is the Plan Sponsor and the Plan Administrator and is solely responsible for paying benefits under the Plan. (A.R. 115 & 116.) Thus, Plaintiff's first assertion is completely specious.

Furthermore, Plaintiff has shown absolutely no evidence of any structural conflict of interest. In order to have a court weigh a conflict of interest, a plaintiff must provide "material, probing evidence beyond the mere fact of the apparent conflict that tends to show that the administrator's self-interest caused a breach of the administrator's fiduciary obligations to the beneficiary." *Sabatino v. Liberty Life Assurance Co. of Boston,* 286 F.Supp.2d 1222, 1230 (N.D. Cal. 2003). The plaintiff must meet this threshold burden before any level of skepticism is warranted. Plaintiff here has not presented any evidence of self-interest.

The level of skepticism "with which a court views a conflicted administrator's decision may be low if a structural conflict of interest is unaccompanied, for example, by any evidence of malice, of self-dealing, or of a parsimonious claims – granting history." *Abatie*, 458 F.3d at 968. Even if there were a structural conflict of interest in this case, which there is not, there is no evidence of malice, no evidence of self-dealing, and no evidence of any parsimonious claims – granting history. Rather, the history shows that BCI investigated the claim and provided a consistent and reasoned basis for denial. *Id.* Thus, the Court should apply an unfettered abuse of

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR**
**SUMMARY JUDGMENT – PAGE 4**   <span style="float:right">6065-67 / 00575703.000</span>

discretion standard to the review of this claims decision, because Plaintiff does not establish in any way that any conflict of interest improperly affected the denial of benefits. The denial of benefits should be reviewed for abuse of discretion with at most a minimal level of skepticism given to any "structural" conflict of interest.

      **B.**    **There Was No Abuse of Discretion in Applying the Illegal Act Exclusion.**

The illegal act exclusion is not ambiguous. Courts apply federal common law in considering questions of insurance policy interpretation under ERISA. *Padfield v. AIG Life Insurance Co.*, 290 F.3d 1121, 1125 (9th Cir. 2002). Under the federal common law of ERISA, policy terms are interpreted in an "ordinary and popular sense, as would a person of average intelligence and experience." *Id.* The numerous federal cases cited by BCI in its opening Memorandum clearly found that illegal act exclusions with language similar, if not identical, to the Gritman Plan are not ambiguous and found that driving with more than the legal limit of blood alcohol was an illegal activity within the policy terms. Many other federal cases reach the same conclusion. In *Tourdot v. Rockford Health Plans, Inc.*, 439 F.3d 351, 354 (7th Cir. 2006), the Seventh Circuit held that the phrase "illegal acts" was unambiguous. According to the court, the term "plainly [referred] to acts that the legislature [had] deemed contrary to law." *Id.* In *Vann v. Central Benefits National Life Ins. Co.,* 1997 WL560955 (N.D. Miss. Aug. 25, 1997), the court held that the term "illegal conduct" unambiguously included both felonies and misdemeanors.

The only case that Plaintiff relies on is *Bekos v. Providence Health Plan,* 334 F.Supp.2d 1248 (D. Or. 2004), which found a somewhat different illegal act exclusion to be ambiguous. What Plaintiff does not point out, however, is that the *Bekos* court relied exclusively on Oregon state law, which not only clearly makes the case inapplicable, but seems to contravene the Ninth

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT – PAGE 5**                        6065-67 / 00575703.000

Circuit holdings that ERISA courts should apply federal common law, not state law. In any event, *Bekos* relied on an Oregon Court of Appeals decision, *Oregon Health Sciences University v. Physician's Association of Clackamas County Health Plans, Inc.,* 864 P.2d 872 (Or. App. 1993), which specifically declined to consider the exclusion under federal law:

> [Defendant] first argues that the trial court erred in granting summary judgment to plaintiff because the plan is subject to ERISA, and thus federal law preempts state law and governs the interpretation of the insurance policy at issue. …We decline to address the argument.

864 P.2d at 873-74. In the present case, BCI has specifically pointed to ERISA as the governing law and thus the federal interpretations should apply. The exclusion is not ambiguous.

Construing the illegal act exclusion in an "ordinary and popular sense," a person of average intelligence and experience would recognize that driving a motorcycle 70 miles per hour while under the influence of alcohol with a blood alcohol content in excess of .08 is illegal. The exclusion is clear in this regard. The exclusion is also supported by public policy: the Sponsor and other beneficiaries of a group health plan should not be expected to fund the consequences of illegal activities. The public policy of Idaho prohibits awarding benefits for breaking the law. This is what accepting Plaintiff's argument would amount to.

This is not a situation of being bitten by an unlicensed dog or being run into while driving a car that does not have a current emissions sticker. Rather, Plaintiff's injuries and medical bills in the present case were the direct result of and caused by his illegal act, the very act that the illegal act exclusion was designed to discourage.

Plaintiff's final argument, that he can be excused from the application of the illegal act exclusion because of the allegedly questionable testing methodology, should not even be considered by the Court. BCI has moved to strike the affidavits submitted by Plaintiff because

the Court's review of this ERISA case is limited to the administrative record. Plaintiff cannot at this late date attempt to bring in new evidence and require the Court to make a factual finding based on controverted scientific argument.

Even if the Court were to explore the improper evidence, it will note that nowhere in the affidavits of the two purported experts is there any suggestion that there is any chance that the Plaintiff's blood alcohol level, under whatever methodology, would have been found to be less than the .08 standard established by the Idaho Legislature in Idaho Code § 18-8004. Nowhere is there any assertion that Plaintiff was not at the time of his accident under the influence of alcohol, as required by § 18-8004.

## III.   CONCLUSION.

Plaintiff failed to exhaust his administrative remedies as required under ERISA. His failure is not excused by the doctrine of futility as there is no proof that an appeal would have been futile. The abuse of discretion standard is the correct standard to apply, and under that or any other standard it is clear that the illegal act exclusion controls. That exclusion is not ambiguous and has been applied by the great majority of federal courts to prohibit the very conduct which Plaintiff engaged in, causing his accident and subsequent need for medical treatment. BCI therefore requests the Court to dismiss Plaintiff's Complaint with prejudice.

DATED this 10th day of March, 2016.

>EBERLE, BERLIN, KADING, TURNBOW
>   & McKLVEEN, CHARTERED
>
>
>By        /s/ Samuel A. Diddle
>    Samuel A. Diddle, of the firm
>    Attorneys for Defendant

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT – PAGE 7**                              6065-67 / 00575703.000

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 10th day of March, 2016, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Paul Thomas Clark
Attorney for Plaintiff
tclark@clarkandfeeney.com


       /s/ Samuel A. Diddle
Samuel A. Diddle